1  JOHN PETER LEE, LTD.
   JOHN PETER LEE, ESQ.
2  Nevada Bar No. 001768
   JAMES J. LEE, ESQ.
3  Nevada Bar No. 001909
   MICHEAL J. BROCK, ESQ.
4  Nevada Bar No. 009353
   830 Las Vegas Boulevard South
5  Las Vegas, Nevada 89101
   (702) 382-4044 Fax: (702) 383-9950
6  E-mail: info@johnpeterlee.com
   *Attorneys for Plaintiffs*

7

8              **UNITED STATES BANKRUPTCY COURT**

9                    **DISTRICT OF NEVADA**

10  In re:                              Case No.: BK-S-13-15064-LED
                                        Chapter 13
11  DALE I. ELSNER and
    MARY ANN ELSNER,
12
              Debtors.
13

14  DALE I. ELSNER and                  Adv. Proc. No.
    MARY ANN ELSNER,
15
              Plaintiffs,
16
    v.
17
    U.S. BANK NATIONAL ASSOCIATION,
18  AS TRUSTEE RELATING TO CHEVY
    CHASE FUNDING LLC MORTGAGE
19  BACKED CERTIFICATES SERIES 2006-4;
    DOES I through XXV inclusive,
20
              Defendants.
21  2376.024771-th

22                    **COMPLAINT**

23       COMES NOW, Plaintiffs, DALE I. ELSNER and MARY ANN ELSNER (referred to

24  hereinafter as "Plaintiffs"), by and through their counsel, John Peter Lee, Ltd., and as and for their

25  complaint against Defendants, allege as follows:

26  . . .

27  . . .

28  . . .

# I.    JURISDICTION AND VENUE

1.    This Court has jurisdiction pursuant to 28 U.S.C. § 157(b) and 28 U.S.C. § 1334.  This is a core proceeding under 28 U.S.C. § 157(b)(2)(O).  Venue is proper under 28 U.S.C. § 1409.

# II.    PARTIES

2.    Plaintiffs are and were at all times relevant hereto, residents of Clark County, Nevada.

3.    Upon information and belief, Defendant U.S. Bank National Association, as Trustee Relating to Chevy Chase Funding LLC Mortgage Backed Certificates Series 2006-4 is a National Association organized under the laws of the United States, having its principal place of business in Minneapolis, Min and conducting business in Clark County, Nevada.

4.    The true names and capacities, whether individual, corporate, associate, or otherwise, of Defendants DOES I through XXV are unknown to Plaintiffs, who therefore sues said Defendants by such fictitious names.  Plaintiffs allege that each of said fictitious Defendants by such fictitious is in some manner responsibly for the acts hereinafter set forth.  Plaintiffs will amend this Complaint to show the true names and capacities of these DOE Defendants, as well as the manner in which each fictitious Defendant is responsible, when these facts are ascertained.

5.    Plaintiffs are informed and believe, and on that basis allege, that at all times herein mentioned each of the Defendants was an agent, servant, employee, and/or joint venturer of each of the remaining Defendants, and was at all times acting within the course and scope of such agency, service, employment, and/or joint venture, and each Defendant has ratified, approved, and authorized the acts of each of the remaining Defendants with full knowledge of said facts.

6.    Defendants, and each of them, aided and abetted, encouraged, and rendered substantial assistance to the other Defendants in breaching their obligations to Plaintiffs, as alleged herein.  In taking action, as alleged herein, to aid and abet and substantially assist the commissions of these wrongful acts and other wrongdoings complained of, each of the Defendants acted with an awareness of its/his/her primary wrongdoing and realized that its/his/her conduct would substantially assist the accomplishment of the wrongful conduct, wrongful goals, and wrongdoing.

7.    There is a unity of interest between Defendants, and each acts as the alter ego of the other. . . .

8.      Any applicable statutes of limitation have been tolled by Defendants' continuing, knowing and active concealment of the facts alleged herein.  By virtue of Defendants' concealment and misrepresentations to Plaintiffs, Plaintiffs could not and did not discover Defendants' actions.

9.      In the alternative, Defendants should be estopped from relying on any statutes of limitation. Defendants owed Plaintiffs an affirmative duty of full and fair disclosure, but knowingly failed to honor and discharge such duty.  Finally, Defendants' conduct is not barred by any statutes of limitation because Defendants' conduct constitutes an ongoing violation of Plaintiff's rights, which continues to the present.

**III.      FACTUAL ALLEGATIONS.**

10.     Plaintiffs purchased their home at 11000 Sundown Hill Avenue, Las Vegas, Nevada (the "Home") in or about March 1999.  Plaintiffs paid approximately $165,900.00 for the Home. Plaintiffs re-financed the Home in 2006 with an Adjustable Rate Note.

11.     In or about July 2011, Plaintiffs were notified that their monthly payment would increase from approximately $800.00 per month to more than $1,200.00 per month.  Because Plaintiffs live on a fixed income, they knew they would be unable to make the increased mortgage payment.

12.     Plaintiffs immediately contacted Defendant to request a loan modification.  Defendant told Plaintiffs that they would receive loan modification paperwork and that they would need to submit Plaintiffs' proof of income, which Plaintiffs promptly sent to Defendant.

13.     Following their submission of the requested paperwork, Plaintiffs contacted Defendant again to inquire as to the status of the loan modification and were told that they needed to submit additional documentation.

14.     This process repeated itself for nearly two (2) years, with instances when Defendant would advised Plaintiffs that it had received all the necessary documentation only to advise Plaintiffs later that documentation was missing and the process would have to be re-started.  Each time, Plaintiffs would re-submit the requested documentation.

15.     At other times, Plaintiffs were informed by Defendant that it had received all documentation and that a loan modification was forthcoming.  Yet no decision was forthcoming.

. . .

16.     On or about March 29, 2012, Defendant filed a complaint in the Eighth Judicial District Court, case number A-12-659149-C, seeking to foreclose on Plaintiffs' Home.  A default judgment was entered against Plaintiffs on or about March 19, 2013.

17.     On June 7, 2013, Debtors filed a petition in bankruptcy under Chapter 13 of the U.S. Bankruptcy Code, Case Number 13-15064.

19.     On October 9, 2013, Defendant filed a Motion for Relief from Automatic Stay with respect to Debtors' residence.

20.     Debtors opposed relief from stay on the basis that they were attempting to obtain a loan modification from Defendant.

21.     On or about February 19, 2014, Defendant finally notified Plaintiffs that there would be no modification of their loan.

**FIRST CAUSE OF ACTION**
**(Fraud)**

22.     Plaintiffs repeat and reallege each and every allegation above and incorporates such as if fully set forth herein.

23.     Defendant made false representations of material fact to Plaintiffs as described above including but not limited to:

        (a)     They would likely receive a modification;

        (b)     That they would receive a decision on their request within 45-60 days;

        (c)     That Plaintiffs constantly needed to "update their file" by continuously re-sending duplicative piecemeal paperwork;

24.     The above representations are false and untrue.  The true facts were that:

        (a)     Defendant had no intention of modifying Plaintiffs' loan but instead intended to induce them to default and keep them in default as long as possible.

        (b)     Defendant would not provide a decision on their request within 45 days. Defendant knew that it routinely kept borrowers waiting for six (6) months, a year or longer for decisions and that these borrowers suffered delay, anxiety and often foreclosure while trying to secure affordable payments that would allow them to keep

their homes;

      (c)    That the file did not need to be constantly updated because Defendant was already in possession of the requested information and documents.

25.    Defendant made the above misrepresentations with the intention of influencing the conduct of Plaintiffs.

26.    Plaintiffs reasonably relied on these representations.

27.    As a proximate result of the fraudulent misrepresentations set forth herein, Plaintiffs have been damaged in an amount in excess of $10,000.00.

28.    In doing the acts herein alleged, Defendant acted with oppression, fraud and malice, and Plaintiffs are therefore entitled to an award of punitive damages.

**SECOND CAUSE OF ACTION**
**(Violation of Deceptive Practices Act)**

29.    Plaintiffs repeat and reallege each and every allegation above and incorporates such as if fully set forth herein.

30.    The Nevada Deceptive Practices Act applies to unfair business practices including but not limited to practices that are "unlawful," "unfair," or "deceptive" business practices.

31.    Defendant's acts and practices alleged herein constitute unfair business practices, including, without limitation, the following practices:

      (a)    Failing to perform loan servicing functions consistent with its responsibilities to Plaintiffs and its responsibilities under HAMP;

      (b)    Failing to properly supervise its agents and employees, including without limitation, its loss mitigation and collection personnel, foreclosure personnel, and personnel implementing its modification programs;

      (c)    Failing to permanently modify loans and using unfair means to cause and keep Plaintiffs in default;

      (d)    Routinely demanding information it already had and failing to communicate accurately or consistently with Plaintiffs about the status of their loan modification application;

      (e)    Making inaccurate calculations and determinations of Plaintiffs' eligibility for a

1  permanent modification;

2      (f)    Engaging in acts and practices that prolonged the modification process;

3      (g)    Making misrepresentations and omissions of material fact regarding the status of

4  Plaintiffs' loan modifications and loan payments;

5      (h)    Making misrepresentations to Plaintiffs which were objectively material to a

6  reasonable consumer, and therefore Plaintiffs' reliance upon such representations may be presumed

7  as a matter of law, and Plaintiffs did in fact believe the misrepresentations were reasonable and did

8  in fact rely upon them.

9  32.    Plaintiffs justifiably and reasonably relied upon these misrepresentations and omissions of

10  material facts.

11  33.    As a result of Defendant's violations and unlawful, unfair, and deceptive business practices,

12  Plaintiffs suffered damages in excess of $10,000.00.

13  34.    Plaintiffs are entitled to recover their reasonable attorney's fees, costs, and expenses incurred

14  in bringing this action.

15      WHEREFORE, Plaintiffs pray for judgment against Defendants as follows:

16      1.    For Equitable Relief, including an order for Defendant to engage in reasonable efforts

17  to restore Plaintiffs' credit to its previous standing;

18      2.    The Court enter a judgment declaring Defendant's acts and practices complained of

19  herein to be unlawful, unfair and fraudulent as well as a declaration that Defendant is required by

20  th doctrine of promissory estoppel to offer permanent modifications of the loans to Plaintiffs;

21      3.    For injunctive relief against Defendant to prevent future wrongful conduct and/or

22  foreclosure;

23      4.    For actual statutory damages according to proof at trial, or in the alternative, that

24  Defendant be ordered to make restitution to Plaintiffs pursuant to law;

25      5.    For punitive damages pursuant to law;

26      6.    For an award of attorney's fees and costs pursuant to law;

27  . . .

28  . . .

7.      For such other and further relief as this Court may deem proper.

**DEMAND FOR JURY TRIAL**

DATED this 24th day of March, 2014.

JOHN PETER LEE, LTD.


BY:   /s/Micheal J. Brock
      JOHN PETER LEE, ESQ.
      Nevada Bar No. 001768
      JAMES J. LEE, ESQ.
      Nevada Bar No. 001909
      MICHEAL J. BROCK, ESQ.
      Nevada Bar No. 009353
      830 Las Vegas Boulevard South
      Las Vegas, Nevada  89101
      (702) 382-4044 Fax: (702) 383-9950
      *Attorneys for Plaintiffs*